IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| QINETIQ LIMITED | § | |
| Vs. | § | CIVIL ACTION NO. 2:03-CV-221 |
| SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

Samsung Telecommunications America, L.P., Samsung SDI Co., Ltd, Samsung SDI America, Inc., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (hereinafter "Defendants") move this Court for relief of judgment under Fed. R. Civ. P. 60(b)(5)[1] on the basis that the Defendants have satisfied the judgment against them in favor of QinetiQ Limited (hereinafter "QinetiQ"). QinetiQ obtained a judgment against the Defendants jointly and severally on January 14, 2005, in the amount of $17, 982,222 for the Defendants' infringement of U.S. Patent No. 4,596,446.[2] The Defendants now allege that Samsung SDI Co., Ltd., has fully satisfied the judgment

---

[1] Fed. R. Civ. P. 60(b)(5) states:

(b) On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons . . .

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

[2] The Court awarded $16,915,667 in damages and $1,066,555 in pre-judgment interest, for a total award of $17,982,222. The parties before trial agreed to present only the issue of QinetiQ's damages to the Court for a binding, non-appealable determination.

by paying QinetiQ the awarded amount, less withholding taxes paid to the Korean government in compliance with Korean tax law and the Korea-United Kingdom Tax Treaty.[3] For the following reasons, the Defendants' motion is denied.

The Defendants contend that Korean tax law and the Korea-United Kingdom Tax Treaty require that the patent infringement damages awarded to QinetiQ be subject to a mandatory 10% withholding tax due to the fact that Samsung SDI Co., Ltd., is satisfying the judgment on behalf of the Defendants.[4]  *See* Kyung-Won Yi Declaration at 3-6.  Samsung SDI Co., Ltd., is a Korean entity and QinetiQ is a United Kingdom entity that is not registered to do business in Korea.  In order to withhold portions of a judgment to satisfy taxation requirements, a defendant must demonstrate the propriety of the amount withheld.  *Tungseth v. Mut. of Omaha Ins. Co.*, 43 F.3d 406, 409 (8th Cir. 1994).  In the present case, the Defendants cannot satisfy this requirement.

Samsung SDI Co., Ltd., is not the only defendant liable to QinetiQ.  The Final Judgment stated that all the Defendants were jointly and severally liable to QinetiQ, including Samsung Telecommunications America, L.P. (Delaware limited partnership), Samsung SDI America, Inc.

---

[3]Samsung SDI Co., Ltd., claims to be responsible for satisfying the judgment due to contractual indemnification obligations between the Defendants.  *See* Declaration of Kyung-Won Yi in Support of Defendants' Rule 60(b)(5) Motion for Relief From Judgment Based Upon Satisfaction of Judgment 2-3; Exhibits B1-B4 to Kyung-Won Yi Declaration (indemnification agreements).  Samsung SDI Co., Ltd., has paid QinetiQ $16,290,655.30 in satisfaction of the judgment and claims to hold in trust $1,691,566.70 for the payment of Korean tax obligations.  *See* Kyung-Won Yi Declaration, Exhibits G and H.

[4]According to the Defendants, Korean tax law requires a Korean entity to withhold taxes from any payment of royalties to a foreign corporation.  *See* Kyung-Won Yi Declaration at 3.  Damages for patent infringement are considered royalty income under Korean law.  *See id.* at 4-5.  While Korean tax law specifies a withholding rate of 25%, the Korea-United Kingdom Tax Treaty limits the tax rate to 10% when the royalty income is paid from a Korean entity to a United Kingdom entity.  *See id.* at 4.

(California corporation), and Samsung Electronics America, Inc. (New Jersey corporation). "Inherent in the concept of joint and several liability is the right of a plaintiff to satisfy its whole judgement by execution against any one of the multiple defendants who are liable to him." *Reliant Energy Servs., Inc.v. Enron Can. Corp.*, 349 F.3d 816, 823 n.6 (5th Cir. 2003) (quoting *Holland v. Fahnestock & Co., Inc.*, 210 F.R.D. 487, 502 (S.D.N.Y. 2002)). The Defendants who are United States entities are not required by Korean tax law or the Korean-United Kingdom Tax Treaty to withhold taxes on the damages awarded to QinetiQ. The Memorandum of Understanding ("MOU")[5] signed by the parties and the Final Judgment did not allocate which portions of the judgment were compensation for the infringing actions of the different Defendants. Accordingly, because the MOU failed to allocate which portions of the $17,982,222 judgment represented payment by the different Defendants for their infringing actions, the Court is unable to ascertain what amount of the $17,982,222 judgment constituted payment by Samsung SDI Co., Ltd., and is subjected to Korean tax law. *See Longstreth v. Copple*, 101 F. Supp. 2d 776, 781 (N.D. Iowa 2000). The Defendants' Motion is denied and the judgment is not satisfied.

---

[5] The parties before trial signed a Memorandum of Understanding that memorialized agreements made during a mediation. In the Memorandum of Understanding, the Defendants referred to themselves collectively as "Samsung" and agreed to waive their defenses to QinetiQ's complaint of infringement. Both QinetiQ and the Defendants waived their rights to a jury trial and agreed to a bench trial of QinetiQ's damages. The parties agreed that the Court would enter a non-appealable judgment in the following form:

> QinetiQ has sued Samsung alleging infringement of U.S. Patent No. 4,596,446 by Samsung. The parties have agreed to waive certain claims, defenses and counterclaims and to present only the issue of Plaintiff's damages to the Court for a binding non[-]appealable determination. Having heard the evidence, the Court awards damages to Plaintiff in the amount of $_____.

SIGNED this 7th day of September, 2005.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE